(April 12, 1999)

■ In the Matter of BENJAMIN V. R. CONLON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [688 NYS2d 730] —Per Curiam. Respondent was admitted to practice by this Court in 1982 and maintained a law office in Elizabethtown, Essex County.

Petitioner, the Committee on Professional Standards, moves to confirm a Referee's report which, after a hearing on a petition dated July 2, 1998, sustained four charges of professional misconduct against respondent, stemming from his representation of a husband in a Pennsylvania divorce action. The record establishes that respondent filed, participated and/or appeared in several meritless bankruptcy proceedings—including various appeals—on behalf of the husband and his company, and against the court-appointed receiver in the divorce action. Respondent's actions were patently designed to provide time and cover for the husband's transfer of assets in a scheme to frustrate court-ordered equitable distribution. Also, respondent has not paid sanctions assessed against him in two of the bankruptcy proceedings.

In a related matter, the court-appointed receiver sued re-

spondent and others in Federal District Court alleging various civil violations of the Racketeer Influenced and Corrupt Organizations Act (*see*, 18 USC § 1961 *et seq.*) (hereinafter RICO), for common-law fraud, and misuse of civil proceedings, and recovered a judgment in the amount of $932,000. Respondent has moved to set aside that judgment and has filed a notice of appeal to the Third Circuit Court of Appeals.

Respondent opposes the motion to confirm the Referee's report and cross-moves for a stay of the instant disciplinary proceeding pending disposition of the appeal in the RICO matter.

We find ample support in the record to sustain charges that respondent committed very serious professional misconduct by: taking action on behalf of his client when it was obvious that such action served merely to harass or maliciously injure another; knowingly advancing claims unwarranted under existing law; engaging in unlawful conduct; violating disciplinary rules; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; engaging in conduct prejudicial to the administration of justice; and engaging in conduct which adversely reflects upon his fitness to practice law (*see*, 22 NYCRR 1200.3 [a] [4], [5], [8]; 1200.33 [a] [1], [2], [5], [8]).

Furthermore, we find no merit in respondent's application for a stay. Accordingly, to protect the public, deter similar misconduct, and preserve the reputation of the bar, we conclude that respondent should be disbarred.

Mikoll, J. P., Mercure, Crew III, Peters, and Carpinello, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; respondent's cross motion for a stay is denied and respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further Ordered that respondent is disbarred and his name is struck from the roll of attorneys and counselors-at-law, effective immediately; and it is further Ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further Ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.